IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE AUGUSTIS MASON, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-3312 |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA DEPARTMENT OF PRISONS, CORIZON HEALTH, DEPUTY WARDEN HARRIS, CAPTAIN DUNKIN, and CAPTAIN HINTON, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 7th day of February, 2023, after considering the application for leave to leave to proceed *in forma pauperis*, complaint, and prisoner trust fund account statement filed by the *pro se* plaintiff, Tyrone Augustis Mason, Jr. ("Mason") (Doc. Nos. 1−3); and for the reasons stated in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The court's September 29, 2022 Order (Doc. No. 4), only insofar as it denied without prejudice Mason's application for leave to proceed *in forma pauperis* (Doc. No. 2), is **VACATED**. In all other respects, the September 29, 2022 Order remains in full force and effect;

2. The application for leave to proceed *in forma pauperis* (Doc. No. 2) is **GRANTED**, and Mason has leave to proceed *in forma pauperis*;

3. Tyrone Augustis Mason, Jr. #733996, shall pay the full filling fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The court directs the Warden of Riverside Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mason's inmate account; or (b) the average monthly balance in Mason's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall

calculate, collect, and forward the initial payment assessed pursuant to this order to the court with a reference to the docket number for this case. In each succeeding month when the amount in Mason's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the clerk of court equaling 20% of the preceding month's income credited to Mason's inmate account until the fees are paid. Each payment shall refer to the docket number for this case;

      4.      The clerk of court is **DIRECTED** to **SEND** a copy of this order to the Warden of Riverside Correctional Facility;

      5.      The complaint (Doc. No. 1) is **DEEMED** filed;

      6.      The complaint (Doc. No. 1) is **DISMISSED** as follows:

          a.      Mason's claims against the Philadelphia Department of Prisons are **DISMISSED WITH PREJUDICE**; and

          b.      All other claims are **DISMISSED WITHOUT PREJUDICE**;

      7.      The clerk of court is **DIRECTED** to **TERMINATE** the Philadelphia Department of Prisons as a defendant;

      8.      Mason may file an amended complaint within **thirty (30) days** of the date of this order. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Mason's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Mason should be mindful of the court's reasons for dismissing the claims in his initial complaint as explained in the court's separately filed memorandum opinion. Upon the filing of an amended complaint, the clerk shall not make service until so ordered by the court;

9.  The clerk of court is **DIRECTED** to **SEND** Mason a blank copy of the court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Mason may use this form to file his amended complaint if he chooses to do so;[1]

10. If Mason does not wish to file an amended complaint and instead intends to stand on his complaint as originally pleaded, he may file a notice with the court within **thirty (30) days** of the date of this order stating that intent, at which time the court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case;[2] and

11. If Mason fails to file any response to this order, the court will conclude that he intends to stand on his complaint and will issue a final order dismissing this case.[3]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] This form is available on the court's website at https://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

[2] *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

[3] *See Weber*, 939 F.3d at 239–40 (explaining that plaintiff's intent to stand on complaint may be inferred from inaction after issuance of order directing plaintiff to take action to cure defective complaint). The court also notes that the six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See id.* at 241 n.11 (treating "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with court's order, which require assessment of *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).